UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| BRENDA BRYANT, | ) | |
| *Plaintiff*, | ) ) ) | Case No. 1:10-cv-248 |
| v. | ) ) | Judge Mattice |
| CAITLIN ARMSTRONG, | ) ) | |
| *Defendant*. | ) | |

## **MEMORANDUM AND ORDER**

On December 20, 2010, this Court ordered Plaintiff to "file a response showing good cause why her complaint should not be dismissed pursuant to Rule 4(m) for failure to serve Defendant with a copy of the complaint and summons in a timely fashion and pursuant to Rule 41(b) for failure to prosecute her claim." [Court Doc. 6] In that order, the Court warned Plaintiff that if she failed to demonstrate timely service of process and proper prosecution of her claim, her complaint may be dismissed. (*Id.*) As counsel for Plaintiff had yet to sign up for the Court's electronic case management system (as required by local rule), a copy of this order was mailed to his address on file.

As Plaintiff has failed to respond to the Court's Show Cause Order, there in no evidence in the record either that she timely served Defendant Armstrong with a copy of the complaint and summons or that there is some good cause for the lack of such service. Accordingly, the Court *must* dismiss her claim pursuant to Federal Rule of Civil Procedure 4(m), which specifies that "[i]f a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the

action without prejudice," and that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Although such dismissal would normally be without prejudice, the circumstances surrounding Plaintiff's failure to prosecute her claim compels the Court to dismiss the case with prejudice.

As the United States Supreme Court long ago recognized, "[t]he authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R.R. Co.,* 370 U.S. 626, 629 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30. Fed. R. Civ. P. 41(b) recognizes this authority and provides that where "the plaintiff fails to prosecute or to comply with these rules or a court order," a court may dismiss the action.

The United States Court of Appeals for the Sixth Circuit considers four factors when reviewing a district court's dismissal under Rule 41(b): "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll v. AT & T*, 176 F.3d 359, 362-63 (6th Cir.1999). "Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.*

As the Court outlined in its Show Cause Order, Plaintiff's behavior, by and through her counsel, not only evinces a total unwillingness to comply with the orders of the Court, the Federal Rules of Civil Procedure, and the Eastern District of Tennessee Local Rules,

but also demonstrates a total lack of interest in prosecuting this action. Plaintiff has not filed a single paper with the Court since she filed the Complaint on August 18, 2010 [Court Doc. 1], and the only recorded contact Plaintiff has had with *any* court in this matter after that filing is some form of unofficial communication with Judge Joseph Irenas, advising him that Plaintiff did not "intend to submit opposition papers in response" to Judge Irenas's order [Court Doc. 3] directing Plaintiff to show cause as to why the action should not be transferred to the Eastern District of Tennessee for improper venue. (Court Doc. 4, Order Transferring Case to E.D. TN.) Since Judge Irenas ordered this matter be transferred, counsel for Plaintiff has failed both to file a motion to appear *pro hac vice*, pursuant to Eastern District of Tennessee Local Rule 83.5(b), and to register with the Court's electronic case management system, pursuant to E.D. TN LR 5.2(b), despite being repeatedly advised by the Clerk's office to do so. Finally, the Court warned Plaintiff that her failure to respond to its Show Cause Order could result in the dismissal of her case.

Accordingly, and in accordance with Local Rule 68.1 and Fed. R. Civ. P. 4(m) and 41(b), this action will be **DISMISSED WITH PREJUDICE** for failure to serve Defendant with a copy of the complaint and summons in a timely fashion and for failure to prosecute and to comply with the orders of the Court.

A separate judgment will enter. The Clerk is **DIRECTED** to close the file in this case.

**SO ORDERED** this 24th day of January, 2011.

                                             */s/Harry S. Mattice, Jr.*
                                             HARRY S. MATTICE, JR.
                                           UNITED STATES DISTRICT JUDGE